Matter of the Petition of CLARENCE S. GREEN to Render and Settle His Account as Executor of HARRIET F. (also Known as HARRIET E.) BRADY, Deceased.

(Surrogate's Court, Kings County, May, 1918.)

Trusts — savings banks — rescission.

> Where the beneficiary of a savings bank account under an irrevocable trust made by decedent did not consent to the return of the bank-book or have any knowledge of such return, there is no cancellation of the trust.
>
> Where there were two beneficiaries of another such account and the book was in the custody of one of them by direction of decedent and such custodian returned the book to the agent of decedent upon her written request that the agent might need the money for decedent's expenses, the return of the book in the circumstances might serve as a rescission of the trust so far as it covered any amount for such expenses, but as the whole amount remained untouched during the life of decedent it was subject to the declared trust.

PROCEEDING upon the judicial settlement of the account of an executor.

Logan, Pink & North, for executor Clarence S. Green.

Nathan O. Petty, for claimants Abraham F. Lowerre, Caroline M. Lowerre and Lucy Hallock Folk.

Isaac W. Jacobson, special guardian for Gertrude Elizabeth Ufford, Sarah E. Ufford, Katherine Ufford and Edward Ufford, infants.

KETCHAM, S. There was nothing lacking to the declaration of an irrevocable trust as to the two bank-books which were opened by the decedent on June 5, 1916. Since these trusts were irrevocable they were incapable of change by any act of their founder, unless such act was supplemented by the consent of the beneficiaries sufficient to constitute a cancellation.

The single beneficiary of one account did not consent to the return of the bank-book in which she was interested, nor did she, upon the proofs before the court, have any knowledge of such return. The finding, with respect to her, must therefore be that there was no cancellation of the trust.

As to the two beneficiaries of the other account, the book was in the custody of one of them by the decedent's direction, and such custodian returned the book to her agent upon her request contained in a letter in which she wrote, as the reason for her request, that the agent " might need her money for expenses."

The return of the book, when made in response to this request, might have served as a rescission of the trust so far as it covered any amount which the decedent should thereupon use for her expenses, but since no part of the deposit was used by her, and the whole sum involved remained untouched during her remaining days, it must be held that the entire sum continued to the present time subject to the declared trust. Both claims are allowed.

Decreed accordingly.